

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Mr. W. Luther Estes

Dear Sir:

Opinion No. 0-6610
Re: Under the provisions of Article
7089, R.C.S. of Texas, 1925, as
amended, may the Secretary of
State furnish certified type-
written or photostatic copies
of franchise tax reports of cor-
porations to (1) stockholders
qualified to examine the re-
ports, or (2) county tax as-
sessors and collectors?

Your request for an opinion as to whether or not
the Secretary of State may furnish certified typewritten or
photostatic copies of franchise tax reports of corporations
to stockholders qualified to examine such reports or county
tax assessors and collectors under the provisions of Article
7089, Revised Civil Statutes of Texas, 1925, as amended, has
been received.

You propound three questions, which we shall state
and answer separately.

Your first inquiry:

"Is the Secretary of State authorized to fur-
nish either typewritten or photostatic copies of
the franchise tax returns to a stockholder quali-
fied to examine the returns?"

The pertinent provisions of the State statutes with
reference to the use or disclosure of corporation franchise
tax returns, both civil and penal, form part of Acts 1931,
42nd Legislature, page 441, Chapter 265, Sections 2 and 3.
The pertinent part of Section 2 of the Act, now Article 7089,
R.C.S. of Texas, is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude Isbell, page 2

"Said report shall be deemed to be privileged
and not for the inspection of the general public,
but a bona fide stockholder owning one per cent
(1%) or more of the outstanding stock of any cor-
poration, may examine such returns upon presenta-
tion of evidence of such ownership to the Secre-
tary of State. No other examination, disclosures,
or use, shall be permitted of said reports except
in the course of some judicial proceedings in
which the State is a party or in a suit by the
State to cancel the permit or forfeit the charter
of such corporation or to collect penalties for
a violation of the laws of this State, or for in-
formation of any officer, of this State charged
with the enforcement of its laws, including the
Comptroller of Public Accounts, State Auditor and
the State Tax Commissioner. . . ." (Emphasis ours)

Section 3 of the Act, now Article 141e, Vernon's An-
notated Penal Code, is as follows:

"If the Secretary of State or any other State
officer or employee, or any other person, having
access to any franchise tax report filed as pro-
vided by law, including any shareholder who is
permitted to examine the report of any corporation
as provided in Section 7 hereof, shall make known
in any manner whatever not provided by law the
amount or source of income, profits, losses, ex-
penditures, or any particulars thereof, or any
other information pertaining to the financial con-
dition of the corporation set forth or disclosed
in such report, he shall be punished by a fine not
exceeding One Thousand Dollars ($1,000.00) or con-
finement in jail for not exceeding one year, or
both." (Emphasis ours)

It is a general rule of statutory construction in
Texas that all of the sections of a legislative enactment should
be construed together so as to harmonize each with the other in
order to effectuate the intent and purpose of the legislature.

It will be noted that "a bona fide stockholder own-
ing one per cent (1%) or more of the outstanding stock of any
corporation, may examine such returns upon presentation of evi-
dence of such ownership to the Secretary of State." Such stock-
holder is not permitted to use the information so acquired by

ble Claude Isbell, page 3

him in any judicial proceeding since by the language of the Act in the first sentence thereof such information may only be used in a judicial proceeding in which the State is a party or in a suit by the State to cancel the permit or forfeit the charter of such corporation or to collect penalties for a violation of the laws of this State.

It will be noted that the language of Article 14le, V.A.P.C., provides a penalty for such stockholder to make known in any manner whatever not provided by law any of the data pertaining to the financial condition of the corporation. He is not authorized therefore to use such information acquired by him on his examination in any suit or proceeding brought by him or in his behalf since otherwise he would be subject to the terms of the penal statutes. Since the Act itself does not provide for anything other than a personal examination of the records by the qualified stockholder, it necessarily negatives the right of the Secretary of State to give or the right of a qualified stockholder to demand a certified copy of such report, either typewritten or photostated. It is believed that the action of the Secretary of State in furnishing such certified copy would render him liable under the provisions of the penal statute to the penalties therein contained, since such certified copy would be of no avail to the stockholder unless he himself violated the terms of the penal statute by its use. The answer to your first question is therefore, "no."

Your second question is as follows:

"Is the Secretary of State authorized to furnish either typewritten or photostatic copies of franchise tax returns to a county tax assessor and collector?"

In the opinion of this department, No. 0-5210-A, approved May 26, 1943, and addressed to your office, it was held that a county tax assessor and collector was entitled to examine franchise tax reports for the purpose of discovering taxable values for ad valorem tax purposes and to make a general examination of all reports of corporations doing business in his county. This opinion was in answer to a general request as to whether or not county tax assessors and collectors were "officers of this State charged with the enforcement of its laws" so as to permit the examination and use of the information contained in such reports under the provisions of Article 7089, supra.

Honorable Claude Isbell, page 4

The opinion is quoted in part as follows:

"Under Chapters VII, VIII, IX, X and XI of
Title 122 of the Revised Civil Statutes, county
tax assessors and collectors are charged with a
host of duties and responsibilities in connection
with the discovering and assessing for State ad
valorem taxes of property located within their
respective counties. With respect to such duties
and responsibilities we feel that these officials
clearly are 'officers of this State charged with
the enforcement of its laws.' Since the purpose
of the request of the County Tax Assessor and Col-
lector of Harris County is pertinent to his duties
in connection with State taxes, we feel that he is
privileged to examine the franchise tax reports of
corporations doing business or owning property
within his county. Consequently, the first two
questions stated in your letter are answered in
the affirmative. This conclusion is in accord
with an opinion of a previous administration of
this department, which opinion was written by As-
sistant Attorney General Maurice Cheek, dated
December 31, 1931, and addressed to Honorable
Moore Lynn. The fact that the use of such re-
ports for the discovering and assessing of land
for State ad valorem taxes may also result in such
land being discovered and assessed for county,
school or other local taxes in no way alters this
conclusion."

Since a county tax assessor and collector is entitled
to examine the franchise tax reports of corporations, and since
the Act provides that "an examination, disclosure, or use . . .
is permitted for the information of any officer, of this State
charged with the enforcement of its laws," the word "use" would
give to the Secretary of State the right to furnish certified
copies thereof for the information and use of such officer and
the answer to your second question is therefore, "yes."

Your third question is as follows:

"In the event your answers to the foregoing
questions are in the affirmative, does the Secre-
tary of State have the authority to certify that
such copies of the franchise tax reports are true
and correct copies?"

Honorable Claude Isbell, page 5


Since the question of privilege of the information contained in the franchise tax reports is limited to the persons prescribed in the statute, and since it is provided that such information may be used, the making of copies of the returns, whether typewritten or photostated, would justify their certification by the Secretary of State as being true and correct copies of such records. If such copies are to be used in any court proceeding by the officials entitled to so use them, they would be useless unless certified to by the State officer as being a part of his permanent records. The answer to your third question is therefore, "yes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:db



APPROVED
OPINION
COMMITTEE
BY